IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHARLES LAMB,

    Plaintiff,

vs.            Case No. 12-1393-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

    Defendant.


MEMORANDUM AND ORDER

  This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

  The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

May 20, 2011, administrative law judge (ALJ) Christina Young Mein issued her decision (R. at 12-25). Plaintiff alleges that he has been disabled since October 1, 2003 (R. at 14). Plaintiff is insured for disability insurance benefits through

4

March 31, 2011 (R. at 14). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date of disability (R. at 14). At step two, the ALJ found that plaintiff has the following severe impairments: major depression, posttraumatic stress disorder, alcohol dependence, bipolar disorder, reading and mathematics disorder and personality disorder (R. at 14). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15). After determining plaintiff's RFC (R. at 17), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 24). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 24-25). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 25).

**III. Did the ALJ err in her consideration of the medical opinion evidence?**

The ALJ found that plaintiff had the RFC for a full range of work at all exertional levels, but would be limited to performing simple, routine and repetitive tasks, could have no interaction with the public, and only occasional interaction with coworkers and supervisors (R. at 17). The record includes three medical reports regarding plaintiff's mental limitations.

5

On August 30, 2004, Dr. Fantz prepared a psychological assessment (R. at 410-413). He recommended that plaintiff receive a psychiatric medication evaluation, that plaintiff address his abuse of alcohol, and that plaintiff obtain a job coach. He also found that plaintiff met the criteria for learning disabilities in math and reading, and would benefit from training and tutoring to deal with those disabilities (R. at 413). The ALJ discussed the report of Dr. Fantz in his decision (R. at 18).

On July 20, 2010, Dr. Berg prepared a consultation report (R. at 349-351). He found that plaintiff had a GAF of 33, and opined that plaintiff is impaired in his ability to attend to and process simple information, as he makes errors and is extremely slow. Plaintiff's description of his daily routine suggested to Dr. Berg that he is involved in little activity requiring prolonged effort or persistence. Dr. Berg found that plaintiff's ability to learn new information is at least mildly impaired. Dr. Berg also found that plaintiff's history reflects a chronic inability to conform with authority, and that he is irritable, defiant and unable to get along with others (R. at 351).

The ALJ discussed the findings of Dr. Berg, and then stated:

>           Overall, I find Dr. Berg's opinion only
>           partially consistent with the record. The
>           doctor's opinion that the claimant was
>           "unable to get along with others" appears
>           based, in large part, upon the claimant's
>           subjective reports. The doctor seemed to
>           uncritically accept as true most, if not
>           all, of what the claimant reported. Yet, as
>           explained elsewhere in this decision, there
>           exist good reasons for questioning the
>           reliability of the claimant's subjective
>           complaints. In addition, it is unclear from
>           the doctor's opinion what effect the
>           claimant's substance abuse has on the
>           claimant's ability to function in a work
>           environment. As discussed more fully below,
>           the claimant was able to work at Subway with
>           no difficulties after the alleged onset
>           date. Accordingly, I afford only some
>           weight to the opinion of Dr. Berg.

(R. at 20).

The record also contains a psychiatric review technique form and a mental RFC assessment prepared by Dr. Adams, a non-examining medical source, on July 30, 2010 (352-364, 366-369). The ALJ found that the opinions of Dr. Adams are consistent with the record as a whole, and her opinions were given great weight (R. at 23).

Plaintiff argues that the ALJ erred in the relative weight given to the medical opinions. Plaintiff contends that the ALJ failed to set forth what weight, if any, she accorded to some of the opinions of Dr. Fantz. The ALJ did summarize the findings of Dr. Fantz in her decision (R. at 18). Although Dr. Fantz provided some recommendations, as set forth above, none of his

7

recommendations or statements offered an assessment of plaintiff's mental limitations on his ability to work.  The ALJ's failure to assign a specific weight to the recommendations of Dr. Fantz therefore do not represent harmful error.  <u>Keyes-Zachary v. Astrue</u>, 695 F.3d 1156, 1164 (10th Cir. 2012).

The ALJ discounted the opinions of Dr. Berg because, according to the ALJ: 1) the opinions of Dr. Berg appear, in large part, to be based on plaintiff's subjective reports, and 2) plaintiff was able to work at Subway with no difficulties after the alleged onset date.  The court will address the latter issue first.

According to the Subway manager, plaintiff worked at Subway from September 5, 2008 through August 5, 2009.  The manager indicated that plaintiff had no limitation in his ability to perform the job, had no problems in understanding and following directions, and had no problems performing his duties in a timely and satisfactory manner.  Plaintiff performed his assigned job with ordinary supervision, was able to concentrate adequately, and had no trouble getting along with co-workers, supervisors, and the public.  Plaintiff was given no special consideration in his job duties, and was able to learn new tasks in an acceptable time frame.  There were no noticeable changes in plaintiff's performance during the employment.  Plaintiff worked full-time, although there was a need to adjust or reduce

8

his schedule due to performance.  Plaintiff was terminated for violating company policies (R. at 174-176).  According to plaintiff's testimony, he was terminated because he brought alcohol to the job site, and he was not getting along with management (R. at 41).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  The court finds that the statements of plaintiff's former supervisor does provide a reasonable evidentiary basis to discount the opinions of Dr. Berg.

The ALJ further found that Dr. Berg's opinions appeared to rely, in large part, on plaintiff's subjective reports.  In his report, Dr. Berg stated the following:

> Although he was able to persist on a number of tasks during the mental status examination, his description of his daily routine suggests that he is involved in little activity requiring any prolonged effort or persistence.

(R. at 351).  This statement reflects that although Dr. Berg observed plaintiff's ability to persist in tasks, Dr. Berg relied on plaintiff's description of his daily routine to suggest that he may not be able to engage in activities requiring prolonged effort or persistence.  Furthermore, the ALJ

9

could reasonably rely on the statements of plaintiff's former supervisor to discount Dr. Berg's opinion that he cannot engage in prolonged effort or persistence, or is unable to conform with authority, and unable to get along with others.

The ALJ gave great weight to the opinions of Dr. Adams in making her RFC findings. Dr. Adams discussed the treatment notes at Valeo, the mental status examination of Dr. Berg, and the report from plaintiff's former employer in making her recommendations regarding plaintiff's RFC. Dr. Adams discussed plaintiff's alcohol use as well (R. at 364, 368). The ALJ relied on the report of Dr. Adams and the report from plaintiff's former employer to find that plaintiff's limitations, including his alcohol use, were not disabling (R. at 21, 23). The court will not reweigh the evidence. The court finds no error by the ALJ in her evaluation of the medical evidence regarding plaintiff's mental RFC.

**IV. Did the ALJ err in finding that plaintiff's impairments did not meet or equal listed impairment 12.04?**

The ALJ found that plaintiff's impairments did not meet or equal listed impairment 12.04, specifically finding that plaintiff's impairments did not meet the "B" criteria (R. at 15). In order to meet the "B" criteria, the evidence must establish at least two of the following:

>    1.  Marked restriction in activities of
>        daily living.
>
>    2.  Marked difficulties in maintaining
>        social functioning.
>
>    3.  Marked difficulties in maintaining
>        concentration, persistence, or pace.
>
>    4.  Repeated episodes of decompensation,
>        each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1 at (2013 at 512).

The ALJ found that plaintiff had only a mild limitation in activities of daily living, moderate restrictions in social functioning, moderate difficulties in concentration, persistence or pace, and no episodes of decompensation (R. at 15, 22). Those findings match the opinions of Dr. Adams (R. at 362); the ALJ gave great weight to her opinions (R. at 23). In making her findings, Dr. Adams relied, in part, on the statement from plaintiff's former manager at Subway (R. at 23). No medical opinion evidence directly contradicts the findings of Dr. Adams. The court finds that the ALJ's findings are supported by substantial evidence; the court will not reweigh the evidence.

**V. Did the ALJ err in her analysis of plaintiff's credibility?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the

11

guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the

record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The sporadic performance of daily activities does not establish that a person is capable of engaging in substantial gainful activity. Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993). The ability to do light housework and visit with friends provides little or no support for a finding that a

person can perform full-time competitive work. Draper v. Barnhart, 425 F.3d 1127, 1130-1131 (8th Cir. 2005).

While the court has some concerns regarding the ALJ's reliance on plaintiff's daily activities, the court concludes that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record"). The balance of the ALJ's credibility analysis is closely and affirmatively linked to substantial evidence, including the medical opinion evidence by Dr. Adams, and the statements of plaintiff's former employer, who supervised plaintiff for an 11 month period in 2008-2009.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 10th day of December 2013, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge